**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| Michael Dean Elkins, | Case No. 25-20065 (JJT) |
| Debtor. | Re: ECF Nos. 11, 12, 13 |

**MEMORANDUM OF DECISION AND ORDER**
**GRANTING CREDITOR'S MOTION FOR IN REM RELIEF FROM STAY**

Before the Court is a Motion for In Rem Relief from Stay (ECF No. 11) filed by Legacy Mortgage Asset Trust 2018-RPL4 on February 24, 2025. In its Motion, the Movant seeks relief from the automatic stay against the Debtor under 11 U.S.C. § 362(d)(1), (2), and (4) in order to exercise its nonbankruptcy rights and remedies with regards to real property located at 95 Birge Road, Bristol, Connecticut ("Property"), and specifically requests *in rem* relief. The Movant filed a Motion to Expedite Hearing (ECF No. 12), which the Court granted (ECF No. 13). The Debtor has filed no opposition or responsive papers. The Court held a hearing on the Motion on February 27, 2025, at which appeared counsel for the Movant and the U.S. Trustee. The Debtor did not appear. After arguments and unopposed proffers of proof, the Court took the Motion under advisement. For the following reasons, the Motion is GRANTED.

Under 11 U.S.C. § 362(d):

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if –
>    (A) the debtor does not have an equity in such property; and
>    (B) such property is not necessary to an effective reorganization;
> (3) . . .
> (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either—
>    (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
>    (B) multiple bankruptcy filings affecting such real property.
>
> If recorded in compliance with applicable State laws governing notices of interests or liens in real property, an order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court, except that a debtor in a subsequent case under this title may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing. Any Federal, State, or local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy of an order described in this subsection for indexing and recording.

Further, under 11 U.S.C. § 362(g), "[i]n any hearing under subsection (d) . . . of this section concerning relief from the stay of any act under subsection (a) of this section . . . the party requesting such relief has the burden of proof on the issue of the debtor's equity in property" while "the party opposing such relief has the burden of proof on all other issues."

After reviewing the docket in the instant case, as well as the prior bankruptcy cases filed in this Court by the Debtor and his wife, Christine Anne Elkins, and hearing the Movant's unopposed proffers regarding the Property made

2

at the hearing on February 27, 2025, the Court concludes that 11 U.S.C. § 362(d)(1), (2), and (4) have been met.

Cause exists to grant the Motion under § 362(d)(1). The Movant lacks adequate protection of its interest in the Property given that the Debtor has failed to make any postpetition mortgage payments or demonstrate the payment of taxes and insurance.[1] The Debtor has the burden of proof on these issues and has not met this burden through his nonresponse and failure to appear. There is additional cause in the Debtor's and the Debtor's wife's repeated bankruptcy filings made solely to frustrate, hinder, delay, and impede these proceedings.[2] Through these Chapter 7 and 13 filings and hearings, the Court has garnered no additional information controverting the Movant's contentions that these causes exist under 11 U.S.C. § 362(d)(1) or that the Debtor's and his wife's various bankruptcy filings evidence anything other than a coordinated pattern of delay, spurious arguments, and frivolous machinations.[3]

---

[1] In its Motion, the Movant asserts that "Upon information and belief, the [D]ebtor has not made any post-petition mortgage payments." (ECF No. 11) The Debtor did not file an objection or appear at the hearing to provide any evidence refuting this assertion.

[2] In its Motion, the Movant notes that the Debtor has filed for bankruptcy under Chapter 7 on three prior occasions since 2022. *See In re Michael Dean Elkins*, No. 22-20799 (Bankr. D. Conn. 2022); *In re Michael Dean Elkins*, No. 23-20446 (Bankr. D. Conn. 2023); *In re Michael Dean Elkins*, No. 24-20539 (Bankr. D. Conn. 2024).

The Movant further notes that the Debtor's wife has filed for bankruptcy under Chapter 13 on three prior occasions since 2021. *See In re Christine A. Elkins*, No. 21-21114 (Bankr. D. Conn. 2021); *In re Christine Anne Elkins*, No. 23-21003 (Bankr. D. Conn. 2023); *In re Christine Anne Elkins*, No. 24-21023 (Bankr. D. Conn. 2024). At the hearing held on February 27, 2025, the Court took judicial notice of these prior filings.

All six prior filings made by the Debtor and his wife were dismissed shortly thereafter for failure to file information. At the hearing, the Movant asserted that these bankruptcies have been filed at strategic times to avoid foreclosure sales on the Property.

[3] To the contrary, the U.S. Trustee noted that the Debtor has not filed a list of creditors, failed to appear at the 341(a) Meeting of Creditors, and has otherwise failed to perform his duties under Chapter 7.

3

Granting the Motion is also appropriate under § 362(d)(2). The Debtor does not have equity in the Property[4] and the Property is not necessary to an effective reorganization as the Debtor is not reorganizing in this Chapter 7.

Finally, it is appropriate for this Court to also grant *in rem* relief under § 362(d)(4). It is undisputed that the Debtor and his wife have collectively filed six prior bankruptcy cases, all of which have temporarily stayed the foreclosure action and caused delays and needless expense. In each instance, there has been no bona fide effort to complete their bankruptcy filings or otherwise address their assets and liabilities for the benefit of creditors. This pattern of calculated conduct has undeniably had the effect of a scheme to delay, hinder, or defraud creditors, particularly the Movant. Accordingly, *in rem* relief is appropriate here.

For the foregoing reasons, it is hereby

ORDERED: Any objections to the Motion are overruled; and it is further

ORDERED: The automatic stay provided in 11 U.S.C. § 362(a) is modified pursuant to 11 U.S.C. § 362(d)(1), (2), and (4) to permit the Movant and/or its successors or assignees, to exercise its rights, if any, against the Debtor and any Co-Debtor with respect to the foreclosure of the Property, in accordance with applicable nonbankruptcy law; and it is further

---

[4] In its Motion, the Movant states that "Upon information and belief, the fair market value of the [P]roperty is $230,000.00 based on the [judicial] findings made in the foreclosure action now pending in the New Britain Superior Court per order of Judge Joseph M. Shortall. . . . [t]he Movant's debt as of February 6, 2025 was $309,250.43." The Movant attached a copy of Judge Shortall's order to its Motion showing the fair market value of the Property as $230,000.00, as well as a Financial Breakdown Summary showing the debt owed as $309,250.43. Again, the Debtor did not appear or file any objection to provide evidence to refute the Movant's assertions and evidence.

4

ORDERED: The fourteen (14) day stay provided in Fed. R. Bankr. P. 4001(a)(3) is hereby waived for good and compelling cause shown in the Debtor's course of legally unsupported and frivolous filings advanced to hinder, delay, and impede these proceedings, and those pending in the state court; and it is further

ORDERED: The Movant is granted *in rem* relief from the automatic stay as to the Property based upon the findings that the Movant's claim is secured by an interest in the Property, and that, pursuant to 11 U.S.C. § 362(d)(4)(B), the filings of the Debtor's petitions are part of a conscious scheme to delay, hinder, or defraud creditors that involved multiple bankruptcy filings affecting the Property; and it is further

ORDERED: In accordance with 11 U.S.C. § 362(d)(4)(B), this Order may be recorded in compliance with applicable State laws governing notices of interests or liens in real property. This Order shall be binding in any other case under this title purporting to affect such real property filed not later than two (2) years after the date of the entry of this Order, except that the Debtor in a subsequent case under this title may move for relief from this Order based upon a substantial change of circumstances or for good cause otherwise shown, after notice and hearing. *See* 11 U.S.C. § 102(1). Any Federal, State or local governmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this Order for indexing and recording; and it is further

ORDERED: After liquidating any deficiency judgment in the foreclosure action against the Debtor, THE MOVANT MAY ONLY SEEK TO ENFORCE ANY

SUCH JUDGMENT PURSUANT TO A DULY FILED PROOF OF CLAIM IN THIS BANKRUPTCY CASE UNTIL EITHER FURTHER ORDER OF THIS COURT OR DISMISSAL OF THIS CASE.

IT IS SO ORDERED at Hartford, Connecticut this 5th day of March 2025.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut