**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| Michael Dean Elkins, | Case No. 25-20065 (JJT) |
| Debtor. | Re: ECF Nos. 1, 6 |

**MEMORANDUM OF DECISION AND**
**ORDER GRANTING MOTION TO DISMISS**

Before the Court is a Motion to Dismiss (ECF No. 6) filed by William K. Harrington, the United States Trustee for Region 2 ("U.S. Trustee"). In its Motion, the U.S. Trustee seeks dismissal of the Debtor's Chapter 7 case for cause under 11 U.S.C. § 707(a) with a two-year bar to refiling for bankruptcy relief. The Debtor filed no opposition or response to the Motion. The Court held a hearing on the Motion on February 27, 2025, at which the U.S. Trustee appeared and counsel for Legacy Mortgage Asset Trust 2018-RPL4 ("Mortgage Lender"). The Debtor did not appear. After arguments and unopposed proffers of proof, the Court took the Motion under advisement. For the following reasons, the Motion is GRANTED.

The Debtor filed the instant case on January 23, 2025. On January 24, 2025, the U.S. Trustee filed a Motion to Dismiss, contending that the Debtor had filed in bad faith, filed serial bankruptcy cases, failed to perform his Chapter 7 duties, and failed to demonstrate a legitimate bankruptcy purpose for filing. The U.S. Trustee first argues and represents that the Debtor has filed this and his other bankruptcy cases on the verge of critical deadlines in a foreclosure action pending against him

in state court. *See Legacy Mortgage Asset Trust 2018-RPL4 v. Elkins, Michael Dean, et al.*, No. CV-19-6056280-S (Conn. Super. Ct. 2019). In particular, the U.S. Trustee asserts that "[a] review of the Foreclosure Litigation docket demonstrates a more than five-year-long attempt by the Debtor to forestall the loss of what the Debtor claims as his real property." Since the foreclosure action began, the U.S. Trustee asserts that the Debtor has filed not only this Chapter 7 bankruptcy petition, but also three other Chapter 7 bankruptcy petitions. *See In re Michael Dean Elkins*, No. 22-20799 (Bankr. D. Conn. 2022); *In re Michael Dean Elkins*, No. 23-20446 (Bankr. D. Conn. 2023); *In re Michael Dean Elkins*, No. 24-20539 (Bankr. D. Conn. 2024). All three prior filings were dismissed for a failure to timely file required information for his bankruptcy petitions.

The Motion contends that the Debtor's four bankruptcy filings were "at least in significant part" motivated by his desire "to avoid the resolution of the Superior Court foreclosure litigation."[1] The Motion further argues that the Debtor has demonstrated bad faith through these dilatory and evasive tactics, his failure to perform his Chapter 7 debtor duties, and his nonresponsive behaviors and that the instant cause should therefore be dismissed with a two-year bar to refiling so as to deter further abusive behaviors.

The Debtor did not file an objection to the Motion, appear, or otherwise demonstrate any efforts at bona fide responsiveness or compliance to address glaring and repeated filing deficiencies noted by the U.S. Trustee.

---

[1] The Court takes judicial notice of this foreclosure proceeding, as well as the docket of the prior bankruptcy proceedings of both the Debtor and the Debtor's wife.

2

The U.S. Trustee contends that this filing has "all of the attributes of a bad faith filing." On the record, the U.S. Trustee has outlined the Debtor's three prior filings for the Court, as well as the tortured history of the oft interrupted and delayed foreclosure action. The incontrovertible facts in the record support the U.S. Trustee's contentions.

After reviewing the docket in the instant case, the dockets of the prior bankruptcy filings of the Debtor and his wife, and the docket of the Superior Court, and after hearing the U.S. Trustee's unopposed proffers regarding the Debtor and the Property made at the hearing on February 27, 2025, the Court concludes that the Motion should be granted for good and compelling cause shown and that a two-year bar to refiling should be imposed to deter such further misconduct, prejudicial delay, and noncompliance with requisite informational disclosures.

Under 11 U.S.C. § 707(a):

> The court may dismiss a case under [Chapter 7] only after notice and a hearing and only for cause, including –
> (1) unreasonable delay by the debtor that is prejudicial to creditors;
> (2) nonpayment of any fees or charges required under chapter 123 of title 28; and
> (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States trustee.

A party moving for dismissal under § 707(a) bears the burden of proving cause by a preponderance of the evidence. *In re Horan*, 304 B.R. 42, 46, 48 (Bankr. D. Conn. 2004).

"[T]he determination of whether [such] cause exists is 'committed to the sound discretion of the bankruptcy court.'" *Wilk Auslander LLP v. Murray (In re Murray)*, 900 F.3d 53, 58 (2d. Cir. 2018) (citing *In re Smith*, 507 F.3d 64 (2d. Cir. 2007)). "Many Courts, including this one, have recognized that cause for dismissal . . . may result from circumstances not specifically mentioned in the Code – whether for bad faith or circumstances falling short of bad faith but nevertheless representing an inappropriate use of the Code." *In re Valuex Research, LLC*, 2023 WL 5941925 (Bankr. D. Conn. 2023) (quoting *In re Murray*, 543 B.R. 484, 489–490 (Bankr. S.D.N.Y. 2016) *aff'd*, 565 B.R. 527 (S.D.N.Y. 2017), *aff'd*, 900 F.3d 53 (2d Cir. 2018)). "Cause is a fact-specific inquiry as to which a variety of factors may be relevant, including the purpose for which the petition was filed, and whether state proceedings protect the parties' interests." *Murray*, 900 F.3d at 60. For example, in *In re G.L.A.D. Enterprises, LLC*, 2019 WL 5586962 (Bankr. D. Conn. 2019), the Court found that cause existed to dismiss a Chapter 7 case where "[i]t [was] clear that the *sole* purpose of filing the Chapter 7 case was to continue to delay trial in the [related f]oreclosure [a]ctions."

Here, the facts supporting sufficient cause for dismissal abound. The Debtor has failed to meet his obligations as a Chapter 7 Debtor – he has not attended the required Meeting of Creditors under 11 U.S.C. § 341(a), filed the information necessary to proceed with this Chapter 7 case (including a list of creditors to whom notice can be provided), nor has he appeared to defend against this dismissal. The Debtor's conduct evidences a series of bad faith filings made solely to hinder and

4

delay the foreclosure action pending in state court. The Court notes that the Debtor has not only demonstrated such conduct, but has also done so in coordinated tag-team fashion. The Debtor's wife has also serially filed Chapter 13 cases that have similarly failed for failure to provide necessary information.[2] The Court believes these cases patently evidence a calculated effort to stymie the foreclosure action that has now been pending since 2019. Accordingly, the Court concludes that cause exists to dismiss this Chapter 7 case under 11 U.S.C. § 707(a).

The U.S. Trustee has requested that the dismissal contain a two-year bar due to these dilatory, meritless, and serial filings. The Second Circuit has found that, "so long as the dismissing court finds cause, a bankruptcy action may be dismissed with prejudice for 180 days, or more . . . ." *In re Casse*, 198 F.3d 327, 340 (2d Cir. 1999). Given the Debtor's course of conduct in this case and his three prior bankruptcy filings, the Court concludes not only that cause exists, but also that a two-year bar to refiling is appropriate to prevent future filings for improper purposes and to allow sufficient time for the conclusion of the state court foreclosure action.

For the foregoing reasons, it is hereby

ORDERED: Any objections to the Motion are overruled; and it is further

ORDERED: The Motion to Dismiss is granted with prejudice; and it is further

---

[2] The Debtor's wife has filed for bankruptcy under Chapter 13 on three prior occasions since 2021. *See In re Christine A. Elkins*, No. 21-21114 (Bankr. D. Conn. 2021); *In re Christine Anne Elkins*, No. 23-21003 (Bankr. D. Conn. 2023); *In re Christine Anne Elkins*, No. 24-21023 (Bankr. D. Conn. 2024). At the hearing held on February 27, 2025, the Court took judicial notice of these prior filings.

ORDERED: Pursuant to 11 U.S.C §§ 707(a), as good cause exists, the Debtor's case is dismissed with a two-year bar to refiling for bankruptcy relief.[3]

IT IS SO ORDERED at Hartford, Connecticut this 7th day of March 2025.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

---

[3] Any further bad faith filings by the Debtor's wife will be met with swift action and sanctions by this Court.